HENRY D. LODER, RESPONDENT, *v.* THE NEW YORK, UTICA AND OGDENSBURGH RAILROAD COMPANY, APPELLANT.

*Receiver — when appointed — Judgment recovered against corporation through fraud of officers — presumption arising from failure to take direct proceedings to set aside.*

The plaintiff, a judgment creditor of defendant, applied for the appointment of a receiver of the defendant, a corporation, which, as a defense to the motion, alleged that the judgment was obtained by the collusion and fraud of the president of the corporation; upon the hearing, time was given to make a motion to open the judgment on that ground, of which opportunity defendant did not avail itself. *Held,* that the court was authorized to infer, from its failure so to do, that the defense was without merit.

APPEAL from an order appointing a receiver of the property of the defendant.

*Sullivan, Kobbé & Fowler,* for the appellant.

*John A. Wright,* for the respondent.

DANIELS, J. :

The receiver was appointed on the application and behalf of a judgment creditor, in whose favor an execution had been issued against the property of the defendant, and returned unsatisfied. For the purpose of procuring the appointment of the receiver, an action was commenced by the creditor, as required by the statute prescribing the proceedings to be taken for that object.* The complaint was sworn to, and presented a case for the appointment of a receiver, and the sequestration of the property of the corporation for the creditor's benefit.

The application was opposed upon a sworn answer, charging that the judgment was collusively recovered for goods sold to the defendant's president, and not to or for the company. Upon the hearing which was had, the proceedings were suspended to afford the defendant an opportunity to apply to the court in which the judgment was recovered, to set aside the default, and for leave to defend the action. The defendant failed to make that application, and relied upon its answer as sufficient to entitle it to a denial of the plaintiff's motion. But the court held otherwise, and appointed the receiver. If the judgment was recovered on a demand for which the defendant was not liable, the most convenient mode of trying that, was the one indicated by the court, on the suspension of the motion. If that was the fact, and the judgment was collusively or fraudulently recovered, the most direct road to redress was an application for leave to defend the action in which it was recovered. It was so obviously so, that it is to be presumed that the defendant would have adopted it when the opportunity for doing so was offered, if it had any well founded complaint against either the justice or validity of the judgment. That it voluntarily failed to do that, is a strong circumstance against the good faith of the position taken by

*Vol. 1, Laws of 1870, 422, § 3.

the answer against the enforcement of the judgment. The omission subjected it to the suspicion that the real object of the defense presented, was more to secure delay than the vindication of the defendant's rights. For that reason the court was justified in the conclusion, that the objection urged against the appointment of the receiver, was without meritorious support. That would be the inference ordinarily drawn from the course pursued by the defendant in this case; for where the facts will sustain either proceeding, that of a direct application for leave to defend, is much more likely to prove successful than a collateral attempt to impeach a judgment recovered by a default capable of being reasonably excused.

Upon the proofs before the court, there was no error in the appointment of the receiver. It is the mode provided by law for the collection of the creditor's debt, after the return of an execution unsatisfied ; * and no change has been made in it, beyond that requiring that it shall form the subject of an action instead of being by petition, as was provided by this section of the Revised Statutes.

The order appealed from should be affirmed, with ten dollars costs, besides disbursements.

DAVIS, P. J., and BRADY, J., concurred.

Order affirmed with ten dollars costs, besides disbursements.